# PEOPLE OF PORTO RICO

*v.*

# NEW YORK & PORTO RICO STEAMSHIP COMPANY.

VACATION OF ORDER DISMISSING BILL—EXCEPTIONS TO ANSWER.

1. Where complainants under equity rule 63 had the right to set exceptions to the answer for hearing on the second rule day after they were filed and did not do so, they have no right to afterwards have said exceptions heard.

2. When the defendant, without making any motion to dismiss the exceptions for want of compliance with the rule, enters an order dismissing the bill because complainant had not set down the exceptions for hearing within the specified time; and it is shown there was no judge in the jurisdiction to hear them within the prescribed time, and that complainant moved in the matter as soon as action could be had on the return of the judge,—the court will exercise its discretion and allow the reinstatement of the cause.

April 10, 1903.

*Mr. J. S. Harlan,* Attorney General, and *Mr. F. Feuille,* Assistant Attorney General, for complainant.

*Messrs. Pettingill & Keedy* for defendant.

HOLT, Judge, delivered the following opinion:

The answer was filed herein May 31st, 1902. Exceptions to it for scandal and impertinence were filed June 26th, 1902.

This was in time. There was no order of reference to a master. The complainant, the People of Porto Rico, under equity rule 63, should have set them down for hearing on the second rule day after they were filed. This the complainant may do, as a matter of course, by an order entered in the order book. If he does not do so, they are to be treated as abandoned, and the answer to be regarded as sufficient, unless the court for good cause enlarges the time. Under equity rule 66, when an answer thus becomes sufficient, the complainant must file his replication on or before the next succeeding rule day; and if he omit to do so the defendant is entitled to an order of dismissal of the suit, as a matter of course, and the suit is to stand dismissed unless the court, upon motion for cause shown, sets aside the order of dismissal, and allows a *nunc pro tunc* replication to be filed.

There was no motion to dismiss the exceptions for noncompliance with the rules, and no step was taken until the defendants entered an order in the order book on September 1st, 1902, dismissing the bill. This they had the right to do, as the rule day had passed without the complainant setting down the exceptions for hearing, when it was its duty to do so. This order of dismissal, however, is subject to the court's order. The complainant gave notice to the defendant on October 1st, 1902, that the exceptions to the answer would be called up for hearing on October 6th, 1902, and also on October 1st, 1902, set them down for hearing on October 6th, 1902, a rule day of the court. This should be regarded as a motion to vacate the order of dismissal. There was no judge in the island to hear the exceptions prior to October, 1902. The complainant moved in the matter as soon as action could have been had; and the court, in the interest of justice, should deal liberally in such a matter. Under the equity rules, the complainant comes too late, however, to insist upon its exceptions. Under rule 63 the court could enlarge the time

People of Porto Rico v. New York & P. R. S. Co.

*nunc pro tunc* for it to do so, but the court has read this already voluminous record, and is of the opinion the cause will be best speeded by not doing so, but by allowing it to proceed regularly. The order of dismissal is, therefore, set aside and the cause reinstated. It is suggested that if there be no equity in the bill, this should not be done; but, without now deciding this question, and even if this court should hereafter conclude there is none, the reinstatement of the cause is a matter in its discretion, and if refused, it would perhaps cut off the consideration of the case upon the merits upon an appeal.

Leave is given the complainant to reply, if desired, within thirty days, and the cause is now submitted upon the motion to vacate the preliminary injunction and to dismiss the bill.